ANDREW G. MAGEE and Another, Plaintiffs, *v.* NORA OSBORNE and Others, as Executors, etc., of ANTHONY KAISER, Deceased, Defendants.

Supreme Court, Hamilton County, July 19, 1932.

*Westall, Stohldreier & Barrett,* for the plaintiffs.

*Charles E. Hardies,* for the defendants Nora Osborne and Frank J. Goldman.

*Wood & Wood,* for the defendants Juliette Kaiser and another, as executors, etc., of Anthony Kaiser, deceased.

ROGERS, J.   The defendant Nora Osborne in 1901 began developing her hotel properties at Lake Pleasant in the village of Speculator, N. Y., which have grown and prospered until now she has therein an investment of $300,000.   In 1918 she conveyed to John F. Kaiser from her hotel properties a lot fronting on the lake.   The deed contained a covenant restricting the use of the premises to residential purposes, and " that no hotel, inn or boarding house shall be erected or maintained thereon, which restrictions and provisions are hereby expressly made a condition of this grant and are to be deemed, treated and respected in all ways   *   *   *   as covenants running with the land."

The ownership of the lot has since changed several times, all subsequent conveyances containing the same covenant, to and including the deed to the plaintiffs.

When Mrs. Osborne sold this lot out of the heart of her hotel properties she had in mind that it might later be used for some business purpose, rivaling or otherwise injuring her hotel business. She protected herself and her properties against such contingency by restricting the use of the property to residential purposes.   That was the only way in which she could part with the lot without

subjecting her holdings and business to possible injury. Such a covenant is not illegal as oppressive or for any other reason. Plaintiffs claim that she has avoided the covenant by using her own adjoining properties for business purposes. The very reason that she restricted the use of the lot was to enable her to use her remaining properties for business purposes without fear of competition or annoyance by any business conducted on the lot in question. The plaintiffs cite in their brief numerous cases where the courts declined to enforce restrictive covenants, but they are inapplicable to the situation at bar. It is true that where in a general plan of development lots are restricted to effectuate the development and some unexpected occurrence takes place (as in the *Columbia College* case where the elevated railroad was constructed, 87 N. Y. 311), which makes impossible or improvident the accomplishment of the scheme of development as planned, a court of equity will decline to enforce the covenant on the theory that the enforcement will not be helpful to the party seeking enforcement, but will simply mean hardship for the party refusing compliance. In such case the party seeking enforcement is relegated to his action at law for damages. It is true, also, that where mutual covenants have been placed upon lands, if one owner violates the covenant he is conclusively deemed to have waived the right to enforce it as against the other owner. In this action, however, Mrs. Osborne's property was not divided up into lots pursuant to a general scheme of development, nor did the owners of other properties mutually covenant with her that their properties should be used only for residential purposes. This is a case where the covenant was inserted to protect the grantor's hotel business which existed upon her remaining properties. (*Hodge* v. *Sloan*, 107 N. Y. 244; *Rubel Bros., Inc.*, v. *Dumont, etc.*, 200 App. Div. 135.)

The complaint should be dismissed, with costs.